USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/16/12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SALVATORE LARCA,

                        Plaintiff,

-v-

UNITED STATES OF AMERICA et al.,

                        Defendants.

11 Civ. 3952 (JMF)

MEMORANDUM OPINION
AND ORDER

JESSE M. FURMAN, United States District Judge:

    Plaintiff Salvatore Larca, a former federal prisoner, brings this suit pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671 *et seq.*, alleging, among other things, that he was injured as a result of negligent conduct at "[o]ne or more" federal Bureau of Prisons facilities — namely, the Federal Correctional Institution in Elkton, Ohio ("FCI Elkton") and the Federal Medical Center in Butner, North Carolina ("FMC Butner") — and that staff at Defendant Salem Community Hospital ("Salem"), a hospital in Ohio, breached their duty of care to him. Pursuant to Title 28, United States Code, Section 1404(a), the Government now moves to transfer this case to the Northern District of Ohio; Salem supports the Government's motion. For the reasons stated below, the Government's motion is GRANTED.

## BACKGROUND

    On December 31, 2006, in this District, Plaintiff pleaded guilty to, among other crimes, a racketeering conspiracy relating to his membership in the Genovese Crime Family. *See* Minute Entry, *United States v. Larca*, No. 06 Crim. 08 (LAK) (S.D.N.Y. Dec. 21, 2006); Superseding Indictment ¶ 1, *Larca*, No. 06 Crim. 08 (LAK) (S.D.N.Y. Feb. 23, 2006) (Docket No. 23). On April 13, 2007, the Honorable Lewis A. Kaplan sentenced Plaintiff to an aggregate term of sixty-three months' imprisonment. *See* Judgment, *Larca*, No. 06 Crim. 08 (LAK) (S.D.N.Y. May 2,

2007) (Docket No. 647). In June 2007, shortly after sentencing, Plaintiff was transferred from Brooklyn, New York, where he had been detained pending trial, to FCI Elkton to serve his sentence. (Pl.'s Mem. Opp. Mot. Transfer ("Pl.'s Mem.") 1; Mem. Law Supp. Def. U.S. Mot. Transfer ("Gov't Mem.") 1-2). While incarcerated at FCI Elkton, Plaintiff was diagnosed with and treated for colitis caused by a bacterial infection of *Clostridium difficile*. (Pl.'s Mem. 1-2; Gov't Mem. 2). Some of Plaintiff's treatment while serving at FCI Elkton occurred at Salem. (Am. Compl. ¶ 51 (Docket No. 34); Ruwoldt Decl. ¶ 5 (Docket No. 23)).

In 2009, Plaintiff was transferred to the Low Security Correctional Institution in Butner, North Carolina ("LSCI Butner"), where he was held until November 27, 2009, when he was transferred to FMC Butner. (Gov't Mem. 2; *see also* Pl.'s Mem. 2). While Plaintiff was in North Carolina, he apparently had surgery — a "total colectomy and ileostomy with uretal stent placement" at Durham Regional Hospital — that was followed by complications. (Pl.'s Mem. 2; *see also* Government's Reply Mem. 2). In 2010, Plaintiff was transferred to New York, where he ultimately finished his sentence. (Gov't Mem. 2; Colvin Decl. ¶ 7 (Docket No. 20)). Plaintiff now lives in Westchester County, New York. (Am. Compl. ¶ 2).

On or about July 27, 2010, Plaintiff submitted a "Claim for Damage, Injury, or Death" on DOJ Standard Form 95 ("SF-95"). (Colvin Decl. ¶ 8). In his SF-95, Plaintiff gave as the basis for his claim alleged "misdiagnosis and mistreatment of Clostridium Difficle." (*Id.* Ex. A at 1). He further stated that "the nature and extent of [his] injury" was "total colectomy with diverting ileostomy, ureteral stent placement" and that the amount of his claim was "$5,000,000.00." (*Id.*). Plaintiff named as witnesses "Federal Bureau of Prison personnel" and gave as their addresses FCI Elkton and FMC Butner. (*Id.*). BOP's Mid-Atlantic Regional Counsel denied Plaintiff's administrative claim by letter dated February 7, 2011. (Colvin Decl. ¶ 9; *id.* Ex. C).

2

On June 10, 2011, Plaintiff filed the instant action. Thereafter, he served an Amended Complaint on the Government and Salem.[1] In the Amended Complaint, Plaintiff alleges that "[the United States] by its employees[,] servants and agents was careless, negligent and/or committed medical and hospital malpractice in the care and treatment of [Plaintiff]." (Am. Compl. ¶ 9). The Amended Complaint further states: "One or more facilities of [the United States], at which acts alleged to have constituted negligence are alleged to have taken place, located [sic] in FCI ELKTON, Federal Correctional Institution, 8730 Scroggs Road, Elkton, OH 44432 and FMC BUTNER, Federal Medical Center, Old N. Carolina Hwy 75, Butner, NC 27509." (*Id.* ¶ 2). Plaintiff also alleges that he was under the care of Salem (*id.* ¶ 51), and that he "was injured due to the negligence, carelessness, and recklessness" of Salem and its "agents, servants, contractors, subcontractors, and employees" (*id.* ¶ 56). Significantly, Plaintiff nowhere alleges an act or omission that occurred in New York or links his alleged injuries to acts or omissions of any person currently living in New York.

## APPLICABLE LAW

The Government moves to transfer venue pursuant to Title 28, United States Code, Section 1404(a). Section 1404(a) provides that, "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." The inquiry involves two steps. First, the Court must establish whether the case could have been filed in the transferee district; and second, the Court must determine whether the convenience of the parties and the interests of justice favor transfer. *See, e.g., Simpson v. Rodas*, No. 10 Civ. 6670 (CS), 2012 WL 4354832, at *9 (S.D.N.Y. Sept. 21, 2012); *Whitehaus Collection v. Barclay Prods., Ltd.*, No. 11 Civ. 217

---

[1] Plaintiff did not send the Amended Complaint to caseopenings@nysd.uscourts.gov, as required by Sections 14.3 and 14.5 of the Southern District of New York Electronic Case Filing Rules & Instructions. He is directed to do so forthwith.

3

(LBS), 2011 WL 4036097, at *1 (S.D.N.Y. Aug. 29, 2011). The party requesting transfer "carries the burden of making out a strong case for transfer." *N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 114 (2d Cir. 2010) (quoting *Filmline (Cross-Country) Prods., Inc. v. United Artists Corp.*, 865 F.2d 513, 521 (2d Cir. 1989)) (internal quotation marks omitted). Nevertheless, district courts "have broad discretion in making determinations of convenience under Section 1404(a)" and "notions of convenience and fairness [must be] considered on a case-by-case basis." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006).

At the second step — evaluating whether the convenience of the parties and the interests of justice favor transfer — courts in this Circuit generally consider the following factors:

> (1) the convenience of the witnesses; (2) the convenience of the parties; (3) the location of relevant documents and the relative ease of access to sources of proof; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with governing law; (8) the weight accorded to plaintiff's choice of forum; and (9) trial efficiency and the interests of justice.

*Morris v. Ernst & Young, LLP*, No. 12 Civ. 838 (KMW), 2012 WL 3964744, at *3 (S.D.N.Y. Sept. 11, 2012) (quoting *In re Collins & Aikman Corp. Sec. Litig.*, 438 F. Supp. 2d 392, 394 (S.D.N.Y. 2006)); *see also D.H. Blair*, 462 F.3d 95, 106-07. These factors "need not be accorded equal weight, and other factors may be considered." *Whitehaus*, 2011 WL 4036097, at *2 (quoting *Malone v. Commonwealth Edison Co.*, 2 F. Supp. 2d 545, 547 (S.D.N.Y. 1998)) (internal quotation mark omitted).

## DISCUSSION

Applying this test here, the Court concludes that transfer to the Northern District of Ohio is warranted. First, there is no question that the suit could have been filed in the Northern District of Ohio. For claims under the FTCA, the Government can be sued "in the judicial

4

district where the plaintiff resides or wherein the act or omission complained of occurred." 28 U.S.C. § 1402(b); *see also* 28 U.S.C. § 1346(b) (granting subject-matter jurisdiction). Here, the acts and omissions complained of occurred in the Northern District of Ohio. Further, Plaintiff could have filed suit against Salem in the Northern District of Ohio, as Salem is an Ohio resident and its alleged acts and omissions occurred in Ohio. By contrast, Salem plausibly alleges that it cannot be sued in this District because there is no personal jurisdiction over it in the Southern District of New York. (Salem Answer ¶ 75; Salem Response 3-4). Plaintiff has made no showing that this Court has personal jurisdiction over Salem.

Turning to the second step of the inquiry, the Government and Salem easily carry their burden of showing that transfer is warranted because the alleged misconduct primarily took place in Ohio, Salem is an Ohio resident, and little or nothing connects this case to New York other than Plaintiff's domicile. Most significantly, virtually all of the witnesses, documents, and events critical to the litigation are in Ohio and were in Ohio at the time of the alleged misdiagnosis and mistreatment. *See, e.g., Capitol Records, LLC v. VideoEgg, Inc.*, 611 F. Supp. 2d 349, 366 (S.D.N.Y. 2009) (stating that convenience of the witnesses is typically regarded as "the most important factor in considering a § 1404(a) motion to transfer") (quoting *Herbert Ltd. P'Ship v. Elec. Arts Inc.*, 325 F. Supp. 2d 282, 286 (S.D.N.Y. 2004)) (internal quotation mark omitted). Additionally, the interests of justice favor transfer because it would be unduly burdensome to subject medical facilities that contract with federal prisons to suit in any district where the plaintiff resides, as federal prisoners can reside anywhere after release.

In the face of these reasons to transfer the case to the Northern District of Ohio, Plaintiff cites (1) the weight accorded a plaintiff's choice of forum; (2) the fact that some witnesses and events relevant to this case are in North Carolina and New York; and (3) his allegedly limited

means. But these considerations, even taken together, do not outweigh the reasons to transfer. First, although a plaintiff's choice of forum is normally entitled to substantial weight, that weight "is significantly diminished" where, as here, "the operative facts have no connection to the chosen district." *Cartier v. D & D Jewelry Imports*, 510 F. Supp. 2d 344, 346 (S.D.N.Y. 2007) (quoting *Royal & Sunalliance v. British Airways*, 167 F. Supp. 2d 573, 576 (S.D.N.Y. 2001)). Second, although Plaintiff's initial medical evaluation may have taken place in Brooklyn and he may have received medical care in this District, these alleged contacts with New York pale in comparison to the undisputed contacts with Ohio. And third, while the relative means of the parties are an important consideration, the burdens of a transfer can be mitigated by conditioning that transfer, as the Government all but consents to do here (Government's Reply Mem. 3), on conducting the depositions of Plaintiff and his New York physicians in New York. *See, e.g., Blume v. Sodexho, Inc.*, No. 02 Civ. 6097 (VM), 2002 WL 1941485, at *2 (S.D.N.Y. Aug. 21, 2002) ("[Plaintiff's] concern over costs may be accommodated by conditions of transfer that any depositions of [plaintiff] and her treating physician occur in New York . . . .").

Finally, Plaintiff also cites his "statutory right" to bring an FTCA claim in the district where he resides. (Pl.'s Mem. 4). Plaintiff's right to bring suit here in the first instance, however, is irrelevant to the question of whether his case should be transferred to the Northern District of Ohio and adds nothing to the weight given his choice of forum, discussed above. It is well established that the statutory grant of jurisdiction, *see* 28 U.S.C. § 1346(b)(1), and venue for FTCA cases, *see* 28 U.S.C. § 1402(b), does not bar transfers of venue in such cases pursuant to Section 1404(a). *See, e.g., Oglesby v. United States*, No. 3:11 Civ. 100 (GROH), 2012 WL 1190901 (N.D. W. Va. Apr. 10, 2012) (transferring a medical malpractice FTCA case from the district of plaintiff's residence to the district where the alleged malpractice occurred); *see also,*

*e.g.*, *Drake v. United States*, No. 84 Civ. 307 (LBS), 1984 WL 466 (S.D.N.Y. June 8, 1984) (analyzing defendant's Section 1404(a) transfer request in an FTCA case without considering Sections 1346 or 1402).

## CONCLUSION

For the reasons stated above, the Government's motion to transfer this case to the Northern District of Ohio is GRANTED on the condition that any depositions of Plaintiff and Plaintiff's New York physicians be conducted in New York.

The Clerk of Court is directed to transfer and terminate this case.

SO ORDERED.

Dated: December 26, 2012
New York, New York

_____
JESSE M. FURMAN
United States District Judge